IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VITAMIN ENERGY, INC.,

       Plaintiff,                       Civil Action No. 19-cv-03672

v.

EVANSTON INSURANCE COMPANY,

       Defendant.

                                      /

## BRIEF IN SUPPORT

**I.   Background Facts**

On August 16, 2022, Evanston served a first subpoena ("**Subpoena I**") on BRJ, although it was not actually served on BRJ's counsel or BRJ, but on one of the counsel for Vitamin Energy. **Subpoena I** commanded BRJ to produce documents and to provide a corporate designee for a deposition on September 23, 2022. **Subpoena I** is attached hereto as Exhibit 1. Evanston moved the September 23rd deposition to October 5th, and then to October 12, 2022.

On October 12, 2022, BRJ served its responses and objections to the subpoena, along with responsive, non-objectionable documents. *See* Exhibit 2. In view of BRJ's document production, Evanston's counsel indicated they would

3

cancel the deposition, and reschedule, but was told that the deposition should stay on the same day. Unfortunately, after the wasted time by Evanston, the BRJ representative was no longer available that day.

On November 22, 2022, Evanston served a second subpoena ("**Subpoena II**") on BRJ, commanding BRJ to again produce documents and to provide a corporate designee for deposition on December 14, 2022. *See* Exhibit 3. On November 23, 2022, BRJ's counsel emailed Evanston's counsel to remind him that neither he nor his client were available in December. *See* Exhibit 4.

On November 28, 2022, BRJ's counsel emailed Evanston's counsel again to request confirmation that Evanston would not move forward with the December 14, 2022 deposition date. *See* Exhibit 5. On December 1, 2022, Evanston's counsel emailed back. He wrote that Evanston would only agree to setting a new deposition date if Vitamin Energy agreed to allowing the deposition to be taken after the discovery cut-off date; that BRJ agreed to be deposed before January 13; and that Vitamin Energy prepare and submit a joint letter to the court on the issue. *See* Exhibit 6.

The same day, BRJ's counsel emailed Evanston back to ask him to approach Vitamin Energy for an agreement on the subject. *See* Exhibit 7. Then, on December 8, 2022, BRJ's counsel emailed Evanston's counsel again after learning that Evanston's counsel had elected not to raise his December 1 request with Vitamin

4

Energy, intentionally delaying and attempting to frustrate the purpose of the conferral and request for a new date, trying to box in BRJ with a date it was not available. BRJ's counsel also requested again that Evanston move the deposition date as BRJ's counsel would be out of the office on the date contained in the subpoena preparing for a murder trial that has jury selection beginning on December 19, 2022. *See* Exhibit 8. But Evanston's counsel refused, making this Motion for a Protective Order necessary. *See* Exhibit 9.

## II.   Argument

**Subpoena II** is defective. Among other things, it compels a non-party to this litigation to show up for a deposition on a date that Evanston knew BRJ and its counsel were unavailable. Then, Evanston leveraged that unavailability to force BRJ to bring this Motion.

Evanston's counsel's actions violate Rule 45(d), including his obligation to take reasonable steps to avoid imposing undue burden and expense on BRJ. BRJ requests a Protective Order, and an award of its costs and fees incurred in having to prepare and file this Motion, especially given the conduct during discovery that Evanston has engaged in already in this matter.

## III.   Conclusion

For the reasons discussed above, BRJ request this Motion be granted, and for an award of its costs and fees.

December 12, 2022                            Respectfully Submitted,

*/s/ Lee Stivale*
LEE A. STIVALE,
ESQUIRE
STIVALE LAW OFFICES, PLLC
Suite 103, Mills of Victoria
1489 Baltimore Pike
Springfield, PA 19064
Ph. 610-543-8800
*Attorneys for BRJ Holdings III, LLC*