AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Pennsylvania

| | |
|---|---|
| Vitamin Energy, LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:19-cv-03672-JHS |
| EVANSTON INSURANCE COMPANY | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     BJR Holdings Corporate Designee c/o Reid A. Winthrop, Esq, Winthrop Law Group, P.C. as an authorized
representative for service.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  Relationship with Vitamin Energy and the facts at issue in the Underlying Action and Declaratory Judgment Action as defined in Exhibit A and B.

| Place: 120 Newport Center Drive, Newport Beach, CA 92660 (or via electronic methods) | Date and Time:<br>         09/23/2022 2:00 pm |
|---|---|

The deposition will be recorded by this method:    Video and stenographic transcription (time is EST)

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

         The documents set forth in Exhibit A and supporting definitions.
         Please note we demand that the documents be produced 5 days in advance of the deposition

         The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/16/2022

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ April T. Villaverde |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
EVANSTON INSURANCE COMPANY _____, who issues or requests this subpoena, are:

April T. Villaverde, 343 Thornall Street, Suite 640, Edison, NJ 08837, avillaverde@hinshawlaw.com, 908-374-0322; 718-744-5746

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. Civ. R. Civ. P. 45(a)(4).

EXHIBIT

1

VITAMIN ENERGY, LLC. v. EVANSTON INSURANCE COMPANY
**CASE NO.: 2:19-CV-03672-JHS**
**EXHIBIT A**

## EXHIBIT A

### DEFINITIONS

   Unless the terms of a particular Topic or Document Demand below specifically indicate otherwise, the following definitions are applicable throughout the below Topics and Document Demands and are incorporated into each.

1.  The terms "BJR Holdings" "You," and "Your" means BJR Holdings, and any owned, controlled, associated, affiliated, parent, or subsidiary companies or corporations, its predecessors or successors-in-interest, present and former officers, directors, employees, agents, and all other persons acting on its behalf.

2.  The term "Vitamin Energy" means Vitamin Energy, LLC and any owned, controlled, associated affiliated, parent, or subsidiary companies or corporations, its predecessors or successors in-interest, present and former officers, directors, employees, agents, and all other persons acting on its behalf, including but not limited to Richard Gorman.

3.  The term "Evanston" means Evanston Insurance Company.

4.  The term "Declaratory Judgment Action" means the instant civil action commenced by Vitamin Energy, captioned Vitamin Energy, LLC. v. Evanston Insurance Company in the US District Court for the Eastern District of Pennsylvania, No. 2:19-cv-03672.

5.  The term "Underlying Action" means the action captioned International IP Holdings, LLC, a Michigan liability company, and Innovation Ventures, LLC, a Michigan based liability company, v. Vitamin Energy, LLC, a Delaware limited liability company.

6.  "Communication" refers to any statement or writing between two or more people. This includes, but is not limited to, correspondence, memoranda, notes, facsimiles, telephone conversations, e-mail, text messages, instant messaging, direct personal statements, videos, podcasts, and the use of social media, including but not limited to Facebook, YouTube, Twitter, Yelp, Snapchat, Instagram, LinkedIn, Google+, Reddit, WeChat, Tumblr, TikTok, Pinterest, and any similar platforms.

7.  "Document" and "Documentation" is used in its broadest sense and means every type of material, whether stored electronically or otherwise, and any writing or recording of any nature or description, including handwriting, typewriting, printing, photograph, tape, wire, graphic material, video, recording, or email systems, as well as audio or visual recordings or reproductions of any kind. As used in these requests, the term "document" also includes every other means of recording upon any tangible thing in any form, including without limitation drafts, originals and copies of books, calendars, pocket calendars, pocket planners, diaries, correspondence, memoranda, photos, emails, reports, minutes, notes, records, contracts, proposals, airline tickets, checks,

VITAMIN ENERGY LLC. V. EVANSTON INSURANCE COMPANY
CASE NO.: 2:19-CV-03672
EXHIBIT A

bills, receipts, telegrams, calendar invites, computer tapes, computer disks, data processing program coding sheets, computer storage of any type, social media posts, posts on any website, and computer printouts in any form and papers of any character—whether sent or received. In addition, the term "document" encompasses all copies of any material referenced herein that are not identical duplicates of the originals (*e.g.*, duplicates that contain handwritten or any other type of notes or similar information thereon or attached thereto including, without limitation, alpha-numeric coding and markings on slips indicating the routing of a document to individuals or organizations); all copies thereof maintained in a different documentary form (e.g., microfilm or any other means of electronic or photographic storage, as opposed to hard copy); material that otherwise has been photographically or electronically recorded; and things similar to any of the foregoing, regardless of their author or origin, of any kind.

8. "Relate" or "related to" shall mean pertaining to, recording, evidencing, concerning, containing, setting forth, revealing, reflecting, referring to, showing, disclosing, describing, explaining, or summarizing

## Documents

1. All Communications and Documents between You and Vitamin Energy and You and Richard Gorman, related to any potential or actual investment made or to be made by You or anyone else in Vitamin Energy.

2. All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to the claims asserted by the plaintiffs against Vitamin Energy in the Underlying Action, including but not limited to, Vitamin Energy's alleged unauthorized use of those plaintiffs' trademarks and Vitamin Energy's alleged engagement in false and misleading comparative advertising.

3. All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to Underlying Action, including but not limited to Vitamin Energy's defense of the Underlying Action and any efforts made or to be made to resolve the Underlying Action through settlement or acquisition of Vitamin Energy.

4. All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to any actual, potential, or planned advertising or marketing efforts undertaken by Vitamin Energy, including but not limited to the use of any print advertising, point-of-purchase display, or labelling of any product of Vitamin Energy.

5. All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to Evanston and/or any insurance being sought by Vitamin Energy under any policy of insurance issued by Evanston to Vitamin Energy.

1051971\311339748.v1

VITAMIN ENERGY LLC. V. EVANSTON INSURANCE COMPANY
**CASE NO.: 2:19-CV-03672**
**EXHIBIT A**

6.  All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to any decision or determination by You or anyone else to cease investing in Vitamin Energy.

7.  All Communications and Documents between You and Vitamin Energy and You and Richard Gorman relating to the finances of Vitamin Energy.

8.  All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to Vitamin Energy's purported inability to pay certain employees or members because of Evanston's denial of coverage.

3

VITAMIN ENERGY, LLC. v. EVANSTON INSURANCE COMPANY
CASE NO.: 2:19-CV-03672-JHS
EXHIBIT B

## EXHIBIT B

### Subject Topics

1. Your Communications with Vitamin Energy.

2. Your relationship with Vitamin Energy.

3. Your investment in Vitamin Energy and, to the extent applicable, the reason(s) for any determination to decline or discontinue any investment in Vitamin Energy.

4. Your knowledge of the finances of Vitamin Energy.

5. Your knowledge of the alleged activities conducted by Vitamin Energy at issue in the Underlying Action.

6. Your knowledge of the existence of, the defense of, and any efforts to resolve the Underlying Action.

7. Your knowledge of any insurance available or potentially available to Vitamin Energy in connection with the Underlying Action and Vitamin Energy's efforts to obtain any such insurance.

8. Your knowledge of the Declaratory Judgment Action.

9. Your knowledge of Vitamin Energy's purported inability to pay certain employees or members because of Evanston's denial of coverage.

1051971\311339748.v1



THE FACE OF THIS DOCUMENT HAS A VOID FEATURE PANTOGRAPH AND A COLORED BACKGROUND

HINSHAW & CULBERTSON LLP
NEW YORK REGIONAL ACCOUNT
800 THIRD AVENUE, 13TH FLOOR
NEW YORK, NY 10022
312-704-3702

CIBC BANK USA
Chicago, Illinois 60603

2-648/710

3103471

Date:    August 16, 2022

Pay:  Forty and 00/100

$  40.00

Void After 180 Days

PAY
TO THE
ORDER OF:     BRJ Holdings

THIS CHECK IS PRINTED ON SECURITY PAPER CONTAINING VISIBLE FIBERS

⑈03103471⑈ ⑆071006486⑆ 2195136⑈

**From:**        David Weisz
**To:**          avillaverde@hinshawlaw.com
**Cc:**          George Schooff; reid@winthroplawgroup.com; Ryan Andrews
**Subject:**     Vitamin Energy v. Evanston - Objections and Response to Subpoena by BRJ Holdings
**Date:**        Wednesday, October 12, 2022 12:57:38 PM
**Attachments:** 2022.10.12 BRJ Holdings Obj & Resp to Subpoena (w Ex).pdf

Ms. Villaverde,

Please see attached the objections and responses of BRJ Holdings to your subpoena directed thereto dated August 16, 2022, as well as a link below to the documents produced in connection therewith (all of which are designated confidential, per the operative protective order).

https://www.dropbox.com/s/nbd4b57ax3b1f6g/2022.10.12%20BRJ%20Holdings%20Doc%20Pro%20%28FINAL%29%20-%20CONFIDENTIAL.pdf?dl=0

Thank you,

**David A. Weisz, Esq.***
Senior Attorney
Andrews Law Firm
822 North Monroe Street
Tallahassee, FL 32303
**T:** (850) 681-6416 | **F:** (850) 681-6984
www.andrewslaw.com

*Licensed to practice law in Florida, Georgia, and New York

**CONFIDENTIALITY NOTICE:** The information contained in this electronic message is legally privileged and confidential information. As such, the information contained in this electronic message is exempt from disclosure under applicable law. The information contained in this email is intended exclusively for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of the message is strictly prohibited. If you have received this email in error, please notify us immediately by return email and delete the original message and any copies of it from your computer system. Thank you for your attention and assistance in this matter.



EXHIBIT
2

# ANDREWS LAW FIRM

## *Attorneys at Law*

**822 North Monroe Street**
**Tallahassee, Florida 32303**
**Tel: (850) 681-6416**
**Fax: (850) 681-6984**

*Steven R. Andrews, Esq.*
*steve@andrewslaw.com*
*Ryan J. Andrews, Esq.*
*ryan@andrewslaw.com*
*Lance D. Stevens, Esq.*
*lance@andrewslaw.com*
*David A. Weisz, Esq.\**
*david@andrewslaw.com*

*Service of Court Documents:*
*service@andrewslaw.com*

October 12, 2022

**Via Email Only to:**

April T. Villaverde, Esq.
**Hinshaw & Culbertson LLP**
343 Thornall Street, Suite 640
Edison, NJ 08837
*avillaverde@hinshawlaw.com*

> Re:  *Vitamin Energy, LLC v. Evanston Insurance Company, 2:19-cv-03672 (E.D. Pa.)*
>      *– Responses and Objections of BRJ Holdings to Subpoena Dated August 16, 2022*

This firm represents BRJ Holdings in connection with the Subpoena attached hereto as **Exhibit 1**.

As an initial matter, BRJ Holdings does not object to, or seek to limit the scope of, the topics listed in **Exhibit 1**. However, BRJ Holdings does object to the document requests contained therein. As a general objection, BRJ objects to all responsive documents which were created after BRJ Holdings made its investment in Vitamin Energy. Based on our review of the pleadings, no communications which postdate the investment could possibly bear on the claims, defenses, or lead to admissible evidence. For example, the nub of the issue in this matter related to BRJ Holdings is whether it refused to invest in Vitamin Energy because of a lack of defense by Evanston, and then subsequently whether its investment was as a result of the appellate court's ruling holding that Evanston wrongfully denied Vitamin Energy a defense and indemnification under its policy. Thus, no documents postdating the investment could possibly bear on the claims, defenses, or lead to admissible evidence, making such documents non-discoverable. Further, any discussions about Evanston postdating BRJ Holdings' investment in Vitamin Energy would be subject to a common interest and necessarily work product privilege and/or attorney client privilege to the extent attorneys were on those communications, providing another basis for objection which BRJ Holdings asserts in response to each document request.

April T. Villaverde, Esq.
*Re: Vitamin Energy v. Evanston Insurance – Objections and Responses of BRJ Holdings*
October 12, 2022
Page **2** of **3**

*Request Number 1:    All Communications and Documents between You and Vitamin Energy and You and Richard Gorman, related to any potential or actual investment made or to be made by You or anyone else in Vitamin Energy.*

> **Response Number 1:** BRJ Holdings incorporates its objection above by reference. Subject to and without waiving the foregoing objections, BRJ Holdings produces only those non-privileged documents which are responsive prior to and including the agreement to invest.

*Request Number 2:    All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to the claims asserted by the plaintiffs against Vitamin Energy in the Underlying Action, including but not limited to, Vitamin Energy's alleged unauthorized use of those plaintiffs' trademarks and Vitamin Energy's alleged engagement in false and misleading comparative advertising.*

> **Response Number 2:** BRJ Holdings incorporates its objection above by reference. Subject to and without waiving the foregoing objections, BRJ Holdings produces only those non-privileged documents which are responsive prior to and including the agreement to invest.

*Request Number 3:    All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to Underlying Action, including but not limited to Vitamin Energy's defense of the Underlying Action and any efforts made or to be made to resolve the Underlying Action through settlement or acquisition of Vitamin Energy.*

> **Response Number 3:** BRJ Holdings incorporates its objection above by reference. Subject to and without waiving the foregoing objections, BRJ Holdings produces only those non-privileged documents which are responsive prior to and including the agreement to invest.

*Request Number 4:    All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to any actual, potential, or planned advertising or marketing efforts undertaken by Vitamin Energy, including but not limited to the use of any print advertising, point-of-purchase display, or labelling of any product of Vitamin Energy.*

> **Response Number 4:** BRJ Holdings incorporates its objection above by reference. Subject to and without waiving the foregoing objections, BRJ Holdings produces only those non-privileged documents which are responsive prior to and including the agreement to invest.

*Request Number 5:    All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to Evanston and/or any insurance being sought by Vitamin Energy under any policy of insurance issued by Evanston to Vitamin Energy.*

> **Response Number 5:** BRJ Holdings incorporates its objection above by reference. Subject to and without waiving the foregoing objections, BRJ Holdings produces only

April T. Villaverde, Esq.
*Re: Vitamin Energy v. Evanston Insurance – Objections and Responses of BRJ Holdings*
October 12, 2022
Page **3** of **3**

those non-privileged documents which are responsive prior to and including the agreement to invest.

*Request Number 6:    All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to any decision or determination by You or anyone else to cease investing in Vitamin Energy.*

**Response Number 6: BRJ Holdings incorporates its objection above by reference. Subject to and without waiving the foregoing objections, BRJ Holdings produces only those non-privileged documents which are responsive prior to and including the agreement to invest.**

*Request Number 7:    All Communications and Documents between You and Vitamin Energy and You and Richard Gorman relating to the finances of Vitamin Energy.*

**Response Number 7: BRJ Holdings incorporates its objection above by reference. Subject to and without waiving the foregoing objections, BRJ Holdings produces only those non-privileged documents which are responsive prior to and including the agreement to invest.**

*Request Number 8:    All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to Vitamin Energy's purported inability to pay certain employees or members because of Evanston's denial of coverage.*

**Response Number 8: BRJ Holdings incorporates its objection above by reference. Subject to and without waiving the foregoing objections, BRJ Holdings produces only those non-privileged documents which are responsive prior to and including the agreement to invest.**

The foregoing objections and responses are subject to amendment and/or supplementation by BRJ Holdings, including without limitation to the extent additional information becomes known or available thereto, and are made without waiving the right to assert any additional objections which may be or become appropriate.

Please do not hesitate to contact me should you wish to discuss this matter further.

Respectfully submitted,

*/s/ David A. Weisz*

David A. Weisz

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

| | |
|---|---|
| Vitamin Energy, LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| EVANSTON INSURANCE COMPANY | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    2:19-cv-03672-JHS

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     BJR Holdings Corporate Designee c/o Reid A. Winthrop, Esq, Winthrop Law Group, P.C. as an authorized
                                    representative for service.
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a
deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the
party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one
or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about
these matters:  Relationship with Vitamin Energy and the facts at issue in the Underlying Action and Declaratory
Judgment Action as defined in Exhibit A and B.

| Place: 120 Newport Center Drive, Newport Beach, CA 92660 (or via electronic methods) | Date and Time: 09/23/2022 2:00 pm |
|---|---|

The deposition will be recorded by this method:    Video and stenographic transcription (time is EST)

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents,
electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the
material:

    The documents set forth in Exhibit A and supporting definitions.
    Please note we demand that the documents be produced 5 days in advance of the deposition

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:    08/16/2022

            *CLERK OF COURT*
                                    OR

_____            /s/ April T. Villaverde
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
EVANSTON INSURANCE COMPANY _____, who issues or requests this subpoena, are:

April T. Villaverde, 343 Thornall Street, Suite 640, Edison, NJ 08837, avillaverde@hinshawlaw.com, 908-374-0322;
718-744-5746

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before
trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to
whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**
**3**

VITAMIN ENERGY, LLC. v. EVANSTON INSURANCE COMPANY
CASE NO.: 2:19-CV-03672-JHS
EXHIBIT A

## EXHIBIT A

### DEFINITIONS

Unless the terms of a particular Topic or Document Demand below specifically indicate otherwise, the following definitions are applicable throughout the below Topics and Document Demands and are incorporated into each.

1.  The terms "BJR Holdings" "You," and "Your" means BJR Holdings, and any owned, controlled, associated, affiliated, parent, or subsidiary companies or corporations, its predecessors or successors-in-interest, present and former officers, directors, employees, agents, and all other persons acting on its behalf.

2.  The term "Vitamin Energy" means Vitamin Energy, LLC and any owned, controlled, associated affiliated, parent, or subsidiary companies or corporations, its predecessors or successors in-interest, present and former officers, directors, employees, agents, and all other persons acting on its behalf, including but not limited to Richard Gorman.

3.  The term "Evanston" means Evanston Insurance Company.

4.  The term "Declaratory Judgment Action" means the instant civil action commenced by Vitamin Energy, captioned Vitamin Energy, LLC. v. Evanston Insurance Company in the US District Court for the Eastern District of Pennsylvania, No. 2:19-cv-03672.

5.  The term "Underlying Action" means the action captioned International IP Holdings, LLC, a Michigan liability company, and Innovation Ventures, LLC, a Michigan based liability company, v. Vitamin Energy, LLC, a Delaware limited liability company.

6.  "Communication" refers to any statement or writing between two or more people. This includes, but is not limited to, correspondence, memoranda, notes, facsimiles, telephone conversations, e-mail, text messages, instant messaging, direct personal statements, videos, podcasts, and the use of social media, including but not limited to Facebook, YouTube, Twitter, Yelp, Snapchat, Instagram, LinkedIn, Google+, Reddit, WeChat, Tumblr, TikTok, Pinterest, and any similar platforms.

7.  "Document" and "Documentation" is used in its broadest sense and means every type of material, whether stored electronically or otherwise, and any writing or recording of any nature or description, including handwriting, typewriting, printing, photograph, tape, wire, graphic material, video, recording, or email systems, as well as audio or visual recordings or reproductions of any kind. As used in these requests, the term "document" also includes every other means of recording upon any tangible thing in any form, including without limitation drafts, originals and copies of books, calendars, pocket calendars, pocket planners, diaries, correspondence, memoranda, photos, emails, reports, minutes, notes, records, contracts, proposals, airline tickets, checks,

VITAMIN ENERGY LLC. V. EVANSTON INSURANCE COMPANY
CASE NO.: 2:19-CV-03672
EXHIBIT A

bills, receipts, telegrams, calendar invites, computer tapes, computer disks, data processing program coding sheets, computer storage of any type, social media posts, posts on any website, and computer printouts in any form and papers of any character—whether sent or received. In addition, the term "document" encompasses all copies of any material referenced herein that are not identical duplicates of the originals (*e.g.*, duplicates that contain handwritten or any other type of notes or similar information thereon or attached thereto including, without limitation, alpha-numeric coding and markings on slips indicating the routing of a document to individuals or organizations); all copies thereof maintained in a different documentary form (e.g., microfilm or any other means of electronic or photographic storage, as opposed to hard copy); material that otherwise has been photographically or electronically recorded; and things similar to any of the foregoing, regardless of their author or origin, of any kind.

8. "Relate" or "related to" shall mean pertaining to, recording, evidencing, concerning, containing, setting forth, revealing, reflecting, referring to, showing, disclosing, describing, explaining, or summarizing

### Documents

1. All Communications and Documents between You and Vitamin Energy and You and Richard Gorman, related to any potential or actual investment made or to be made by You or anyone else in Vitamin Energy.

2. All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to the claims asserted by the plaintiffs against Vitamin Energy in the Underlying Action, including but not limited to, Vitamin Energy's alleged unauthorized use of those plaintiffs' trademarks and Vitamin Energy's alleged engagement in false and misleading comparative advertising.

3. All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to Underlying Action, including but not limited to Vitamin Energy's defense of the Underlying Action and any efforts made or to be made to resolve the Underlying Action through settlement or acquisition of Vitamin Energy.

4. All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to any actual, potential, or planned advertising or marketing efforts undertaken by Vitamin Energy, including but not limited to the use of any print advertising, point-of-purchase display, or labelling of any product of Vitamin Energy.

5. All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to Evanston and/or any insurance being sought by Vitamin Energy under any policy of insurance issued by Evanston to Vitamin Energy.

VITAMIN ENERGY LLC. V. EVANSTON INSURANCE COMPANY
**CASE NO.: 2:19-CV-03672**
**EXHIBIT A**

6.  All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to any decision or determination by You or anyone else to cease investing in Vitamin Energy.

7.  All Communications and Documents between You and Vitamin Energy and You and Richard Gorman relating to the finances of Vitamin Energy.

8.  All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to Vitamin Energy's purported inability to pay certain employees or members because of Evanston's denial of coverage.

3

VITAMIN ENERGY, LLC. v. EVANSTON INSURANCE COMPANY
**CASE NO.: 2:19-CV-03672-JHS**
**EXHIBIT B**

## EXHIBIT B

### Subject Topics

1.  Your Communications with Vitamin Energy.

2.  Your relationship with Vitamin Energy.

3.  Your investment in Vitamin Energy and, to the extent applicable, the reason(s) for any determination to decline or discontinue any investment in Vitamin Energy.

4.  Your knowledge of the finances of Vitamin Energy.

5.  Your knowledge of the alleged activities conducted by Vitamin Energy at issue in the Underlying Action.

6.  Your knowledge of the existence of, the defense of, and any efforts to resolve the Underlying Action.

7.  Your knowledge of any insurance available or potentially available to Vitamin Energy in connection with the Underlying Action and Vitamin Energy's efforts to obtain any such insurance.

8.  Your knowledge of the Declaratory Judgment Action.

9.  Your knowledge of Vitamin Energy's purported inability to pay certain employees or members because of Evanston's denial of coverage.

1051971\311339748.v1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Vitamin Energy, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:19-cv-03672-JHS |
| EVANSTON INSURANCE COMPANY | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    BRJ Holdings III, LLC Corporate Designee c/o Shannon Foley, Unisearch, Inc. as an authorized representative
for service for BRJ Holdings III, LLC.

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  Relationship with Vitamin Energy and the facts at issue in the Underlying Action and Declaratory Judgment Action as defined in Exhibit A and B and the topics set forth in Exhibit B.

| Place: Bonanza Reporting and Videoconference Center at 1111 Forest Street Reno, NV 89509. (VIA ZOOM) | Date and Time: 12/14/2022 12:00 pm  PT |
|---|---|

The deposition will be recorded by this method:    Video and stenographic transcription

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The documents set forth in Exhibit A and supporting definitions.
Please note we demand that the documents be produced 5 days in advance of the deposition

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/23/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ April T. Villaverde |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
EVANSTON INSURANCE COMPANY
, who issues or requests this subpoena, are:

April T. Villaverde, 343 Thornall Street, Suite 640, Edison, NJ 08837, avillaverde@hinshawlaw.com, 908-374-0322;
718-744-5746

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:19-cv-03672-JHS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: Shannon Foley

Unisearch, Inc. 321 W. Winnie LN STE 104, Carson City, NV, 89703, USA

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$         40.00         .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
 The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

VITAMIN ENERGY, LLC. v. EVANSTON INSURANCE COMPANY
CASE NO.: 2:19-CV-03672-JHS
EXHIBIT A

# **EXHIBIT A**

## **DEFINITIONS**

Unless the terms of a particular Topic or Document Demand below specifically indicate otherwise, the following definitions are applicable throughout the below Topics and Document Demands and are incorporated into each.

1.  The terms "BJR Holdings" "You," and "Your" means BJR Holdings, and any owned, controlled, associated, affiliated, parent, or subsidiary companies or corporations, its predecessors or successors-in-interest, present and former officers, directors, employees, agents, and all other persons acting on its behalf.

2.  The term "Vitamin Energy" means Vitamin Energy, LLC and any owned, controlled, associated affiliated, parent, or subsidiary companies or corporations, its predecessors or successors in-interest, present and former officers, directors, employees, agents, and all other persons acting on its behalf, including but not limited to Richard Gorman.

3.  The term "Evanston" means Evanston Insurance Company.

4.  The term "Declaratory Judgment Action" means the instant civil action commenced by Vitamin Energy, captioned Vitamin Energy, LLC. v. Evanston Insurance Company in the US District Court for the Eastern District of Pennsylvania, No. 2:19-cv-03672.

5.  The term "Underlying Action" means the action captioned International IP Holdings, LLC, a Michigan liability company, and Innovation Ventures, LLC, a Michigan based liability company, v. Vitamin Energy, LLC, a Delaware limited liability company.

6.  "Communication" refers to any statement or writing between two or more people. This includes, but is not limited to, correspondence, memoranda, notes, facsimiles, telephone conversations, e-mail, text messages, instant messaging, direct personal statements, videos, podcasts, and the use of social media, including but not limited to Facebook, YouTube, Twitter, Yelp, Snapchat, Instagram, LinkedIn, Google+, Reddit, WeChat, Tumblr, TikTok, Pinterest, and any similar platforms.

7.  "Document" and "Documentation" is used in its broadest sense and means every type of material, whether stored electronically or otherwise, and any writing or recording of any nature or description, including handwriting, typewriting, printing, photograph, tape, wire, graphic material, video, recording, or email systems, as well as audio or visual recordings or reproductions of any kind.  As used in these requests, the term "document" also includes every other means of recording upon any tangible thing in any form, including without limitation drafts, originals and copies of books, calendars, pocket calendars, pocket planners, diaries, correspondence, memoranda, photos, emails, reports, minutes, notes, records, contracts, proposals, airline tickets, checks,

VITAMIN ENERGY LLC. V. EVANSTON INSURANCE COMPANY
CASE NO.: 2:19-CV-03672
EXHIBIT A

bills, receipts, telegrams, calendar invites, computer tapes, computer disks, data processing program coding sheets, computer storage of any type, social media posts, posts on any website, and computer printouts in any form and papers of any character—whether sent or received. In addition, the term "document" encompasses all copies of any material referenced herein that are not identical duplicates of the originals (*e.g.*, duplicates that contain handwritten or any other type of notes or similar information thereon or attached thereto including, without limitation, alpha-numeric coding and markings on slips indicating the routing of a document to individuals or organizations); all copies thereof maintained in a different documentary form (e.g., microfilm or any other means of electronic or photographic storage, as opposed to hard copy); material that otherwise has been photographically or electronically recorded; and things similar to any of the foregoing, regardless of their author or origin, of any kind.

8.   "Relate" or "related to" shall mean pertaining to, recording, evidencing, concerning, containing, setting forth, revealing, reflecting, referring to, showing, disclosing, describing, explaining, or summarizing

## Documents

1.   All Communications and Documents between You and Vitamin Energy and You and Richard Gorman, related to any potential or actual investment made or to be made by You or anyone else in Vitamin Energy.

2.   All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to the claims asserted by the plaintiffs against Vitamin Energy in the Underlying Action, including but not limited to, Vitamin Energy's alleged unauthorized use of those plaintiffs' trademarks and Vitamin Energy's alleged engagement in false and misleading comparative advertising.

3.   All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to Underlying Action, including but not limited to Vitamin Energy's defense of the Underlying Action and any efforts made or to be made to resolve the Underlying Action through settlement or acquisition of Vitamin Energy.

4.   All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to any actual, potential, or planned advertising or marketing efforts undertaken by Vitamin Energy, including but not limited to the use of any print advertising, point-of-purchase display, or labelling of any product of Vitamin Energy.

5.   All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to Evanston and/or any insurance being sought by Vitamin Energy under any policy of insurance issued by Evanston to Vitamin Energy.

1051971\311339748.v1

VITAMIN ENERGY LLC. V. EVANSTON INSURANCE COMPANY
**CASE NO.: 2:19-CV-03672**
**EXHIBIT A**

6.     All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to any decision or determination by You or anyone else to cease investing in Vitamin Energy.

7.     All Communications and Documents between You and Vitamin Energy and You and Richard Gorman relating to the finances of Vitamin Energy.

8.     All Communications and Documents between You and Vitamin Energy and You and Richard Gorman related to Vitamin Energy's purported inability to pay certain employees or members because of Evanston's denial of coverage.

1051971\311339748.v1

VITAMIN ENERGY, LLC. v. EVANSTON INSURANCE COMPANY
CASE NO.: 2:19-CV-03672-JHS
EXHIBIT B

## EXHIBIT B

### Subject Topics

1.    Your Communications with Vitamin Energy.

2.    Your relationship with Vitamin Energy.

3.    Your investment in Vitamin Energy and, to the extent applicable, the reason(s) for any determination to decline or discontinue any investment in Vitamin Energy.

4.    Your knowledge of the finances of Vitamin Energy.

5.    Your knowledge of the alleged activities conducted by Vitamin Energy at issue in the Underlying Action.

6.    Your knowledge of the existence of, the defense of, and any efforts to resolve the Underlying Action.

7.    Your knowledge of any insurance available or potentially available to Vitamin Energy in connection with the Underlying Action and Vitamin Energy's efforts to obtain any such insurance.

8.    Your knowledge of the Declaratory Judgment Action.

9.    Your knowledge of Vitamin Energy's purported inability to pay certain employees or members because of Evanston's denial of coverage.

**From:** Ryan Andrews
**To:** Schulze, Jason R.
**Cc:** David Weisz; George Schooff; Greg Resnick
**Subject:** Re: Subpoena of BRJ/Brett Jefferson
**Date:** Wednesday, November 23, 2022 5:11:13 PM

Jason,

This will be the second time I told you that neither myself nor my client is available in December for a deposition. So I'm not sure what you intended to do with this new notice, but if it's not withdrawn and a date agreed to after the new year we will be moving for sanctions against you and your client. This is unacceptable sharp practice and you should know better, especially serving it at 5pm the day before thanksgiving despite my telling you weeks ago December would not work. Your short discovery period is not our emergency, especially since you refused to start the deposition on time last time.

One of two things needs to occur. You either need to confer with us on a date in January/move for an extension of time when one is agreed to and withdraw this harassing subpoena for a deposition that was not agreed to, or two you need to work this out with Vitamin Energy. I suspect this subpoena will be objected to by Vitamin Energy and BRJ if you intend to stand on it. I hope we can resolve this without court intervention, but this subpoena being noticed and sent to counsel for Vitamin Energy without even bothering to copy counsel for BRJ seems problematic.

In any event, I look forward to hearing from you. I hope you have a great thanksgiving.


Ryan Andrews

> On Nov 22, 2022, at 1:35 PM, Ryan Andrews <ryan@andrewslaw.com> wrote:
>
> I'm at Disney with my family this week, will try to get back to you next week.
>
> Sent from my iPhone

>> On Nov 22, 2022, at 1:33 PM, Schulze, Jason R. <jschulze@hinshawlaw.com> wrote:
>>
>>
>> Ryan, do you have an update from your client? We have a discovery cutoff of 12/19 for the case. If we can't get a date for a short deposition on the books to take place before then, we will have to go to the court so we will need to know if this is an issue. Please advise.
>>
>>
>> **Jason R. Schulze**
>> Partner



**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**    <image002.jpg>

<image003.jpg>

<image004.jpg>

**From:** Ryan Andrews <ryan@andrewslaw.com>
**Sent:** Wednesday, November 16, 2022 10:38 AM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>; David Weisz
<david@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

# *** External email ***

**\*\*CAUTION: Verify the sender and use caution before opening
any attachments, clicking on links or responding to a request for
information.\*\***

Let us talk with our client, but scheduling and holiday wise it is unlikely
that it can be accommodated this year.

**From:** Schulze, Jason R. [mailto:jschulze@hinshawlaw.com]
**Sent:** Wednesday, November 16, 2022 11:23 AM
**To:** David Weisz <david@andrewslaw.com>; Ryan Andrews
<ryan@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

David:  You have not responded to my request below regarding a
proposed new date for the deposition of BRJ Holdings. Please provide
alternative dates.  If BRJ has instead changed course and no longer
intends to appear for deposition in response to Evanston's subpoena,
please let us know that as well as we will seek appropriate relief.  In any
event, please provide a response by the end of the week.  If we do not
hear from you, we will presume you have decided to no longer work
cooperatively to obtain the requested testimony and proceed
accordingly.

Feel free to contact me to discuss.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**    <image002.jpg>

<image003.jpg>

<image004.jpg>

---

**From:** Schulze, Jason R.
**Sent:** Thursday, October 27, 2022 11:40 AM
**To:** 'David Weisz' <david@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

David, as we discussed on 10/12, please advise of a date in November in which we can move forward with this deposition of BRJ pursuant to the subpoena. Let me know of any questions.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**    <image002.jpg>

<image003.jpg>

<image004.jpg>

---

**From:** David Weisz <david@andrewslaw.com>

**Sent:** Wednesday, October 12, 2022 12:34 PM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

## *** External email ***

**\*\*CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.\*\***

Jason, I just tried calling you back – please give me a call when you can at (772) 812-8121.

Thanks,

**David A. Weisz, Esq.\***
Senior Attorney
Andrews Law Firm
822 North Monroe Street
Tallahassee, FL 32303
**T:** (850) 681-6416 **| F:** (850) 681-6984
www.andrewslaw.com

\*Licensed to practice law in Florida, Georgia, and New York

**CONFIDENTIALITY NOTICE:** The information contained in this electronic message is legally privileged and confidential information. As such, the information contained in this electronic message is exempt from disclosure under applicable law. The information contained in this email is intended exclusively for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of the message is strictly prohibited. If you have received this email in error, please notify us immediately by return email and delete the original message and any copies of it from your computer system. Thank you for your attention and assistance in this matter.

**From:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Sent:** Wednesday, October 12, 2022 1:19 PM
**To:** David Weisz <david@andrewslaw.com>
**Cc:** Reid Winthrop <reid@winthroplawgroup.com>; George Schooff (Work) <schooff@legalservicesgrouppllc.com>
**Subject:** Subpoena of BRJ/Brett Jefferson

David, I just received your production pursuant to the subpoena issued to BRJ. I will need additional time to review the 650 pages before the scheduled start time of 2:00 ET.  Likely at least 1-2 hours.

Call me at the number below to discuss.


**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**    <image002.jpg>

<image003.jpg>


<image004.jpg>



Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.


Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

| | |
|---|---|
| **From:** | Ryan Andrews |
| **To:** | Schulze, Jason R. |
| **Cc:** | David Weisz; George Schoof; Greg Resnick |
| **Subject:** | Re: Subpoena of BRJ/Brett Jefferson |
| **Date:** | Monday, November 28, 2022 5:09:54 PM |

Jason,

Please confirm you are not moving forward with this deposition in that day and are working to extend discovery or seek approval for this depo to be taken out of the discovery period.

Ryan Andrews

> On Nov 23, 2022, at 5:36 PM, Schulze, Jason R. <jschulze@hinshawlaw.com> wrote:
>
>
> Ryan, I think most, if not all, of the issues you raise below were preempted by my comments in the email I sent forwarding you notice of the re-issued subpoena. We can discuss this next week.  Suffice it to say, we disagree with your statements that we have done anything other than re-issue a subpoena to ensure proper service and agree to work cooperatively with you and counsel for Vitamin Energy to obtain the subject deposition testimony.
>
>
> **Jason R. Schulze**
> Partner
> **Hinshaw & Culbertson LLP**
> 151 North Franklin Street, Suite 2500, Chicago, IL 60606
>
> O: 312-704-3661 | F: 312-704-3001
> JSchulze@hinshawlaw.com
> My Bio | hinshawlaw.com
>
> <image001.jpg>
>
> **Follow us on** <image002.jpg>
>
> <image003.jpg>
>
> <image004.jpg>
>
> _____
>
> **From:** Ryan Andrews <ryan@andrewslaw.com>
> **Sent:** Wednesday, November 23, 2022 4:11 PM
> **To:** Schulze, Jason R. <jschulze@hinshawlaw.com>
> **Cc:** David Weisz <david@andrewslaw.com>; George Schoof



EXHIBIT 5

<schooff@legalservicesgrouppllc.com>; Greg Resnick <gresnick@hildenecap.com>
**Subject:** Re: Subpoena of BRJ/Brett Jefferson

# *** External email ***

**\*\*CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.\*\***

Jason,

This will be the second time I told you that neither myself nor my client is available in December for a deposition. So I'm not sure what you intended to do with this new notice, but if it's not withdrawn and a date agreed to after the new year we will be moving for sanctions against you and your client. This is unacceptable sharp practice and you should know better, especially serving it at 5pm the day before thanksgiving despite my telling you weeks ago December would not work. Your short discovery period is not our emergency, especially since you refused to start the deposition on time last time.

One of two things needs to occur. You either need to confer with us on a date in January/move for an extension of time when one is agreed to and withdraw this harassing subpoena for a deposition that was not agreed to, or two you need to work this out with Vitamin Energy. I suspect this subpoena will be objected to by Vitamin Energy and BRJ if you intend to stand on it. I hope we can resolve this without court intervention, but this subpoena being noticed and sent to counsel for Vitamin Energy without even bothering to copy counsel for BRJ seems problematic.

In any event, I look forward to hearing from you. I hope you have a great thanksgiving.


Ryan Andrews


> On Nov 22, 2022, at 1:35 PM, Ryan Andrews <ryan@andrewslaw.com> wrote:
>
> I'm at Disney with my family this week, will try to get back to you next week.
>
> Sent from my iPhone
>
>
> On Nov 22, 2022, at 1:33 PM, Schulze, Jason R.

<jschulze@hinshawlaw.com> wrote:

Ryan, do you have an update from your client? We have a discovery cutoff of 12/19 for the case. If we can't get a date for a short deposition on the books to take place before then, we will have to go to the court so we will need to know if this is an issue. Please advise.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3661 | **F:** 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

Follow us on     <image002.jpg>

<image003.jpg>

<image004.jpg>

**From:** Ryan Andrews <ryan@andrewslaw.com>
**Sent:** Wednesday, November 16, 2022 10:38 AM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>; David Weisz <david@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

# *** External email ***

**CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.****

Let us talk with our client, but scheduling and holiday wise it is unlikely that it can be accommodated this year.

**From:** Schulze, Jason R. [mailto:jschulze@hinshawlaw.com]
**Sent:** Wednesday, November 16, 2022 11:23 AM
**To:** David Weisz <david@andrewslaw.com>; Ryan Andrews

<ryan@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

David:  You have not responded to my request below
regarding a proposed new date for the deposition of BRJ
Holdings. Please provide alternative dates.  If BRJ has instead
changed course and no longer intends to appear for
deposition in response to Evanston's subpoena, please let us
know that as well as we will seek appropriate relief.  In any
event, please provide a response by the end of the week.  If
we do not hear from you, we will presume you have decided
to no longer work cooperatively to obtain the requested
testimony and proceed accordingly.

Feel free to contact me to discuss.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

Follow us on     <image002.jpg>

<image003.jpg>

<image004.jpg>

**From:** Schulze, Jason R.
**Sent:** Thursday, October 27, 2022 11:40 AM
**To:** 'David Weisz' <david@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

David, as we discussed on 10/12, please advise of a date in
November in which we can move forward with this
deposition of BRJ pursuant to the subpoena.  Let me know of
any questions.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**    <image002.jpg>

<image003.jpg>

<image004.jpg>

**From:** David Weisz <david@andrewslaw.com>
**Sent:** Wednesday, October 12, 2022 12:34 PM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

# *** External email ***

**\*\*CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.\*\***

Jason, I just tried calling you back – please give me a call when you can at (772) 812-8121.

Thanks,

**David A. Weisz, Esq.\***
Senior Attorney
Andrews Law Firm
822 North Monroe Street
Tallahassee, FL 32303
**T:** (850) 681-6416 | **F:** (850) 681-6984
www.andrewslaw.com

*Licensed to practice law in Florida, Georgia, and New York

**CONFIDENTIALITY NOTICE:** The information contained in this electronic message is legally privileged and confidential information. As such, the information contained in this electronic message is exempt from disclosure under applicable law. The information contained in this email is

intended exclusively for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of the message is strictly prohibited. If you have received this email in error, please notify us immediately by return email and delete the original message and any copies of it from your computer system. Thank you for your attention and assistance in this matter.

**From:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Sent:** Wednesday, October 12, 2022 1:19 PM
**To:** David Weisz <david@andrewslaw.com>
**Cc:** Reid Winthrop <reid@winthroplawgroup.com>; George Schooff (Work) <schooff@legalservicesgrouppllc.com>
**Subject:** Subpoena of BRJ/Brett Jefferson

David, I just received your production pursuant to the subpoena issued to BRJ. I will need additional time to review the 650 pages before the scheduled start time of 2:00 ET. Likely at least 1-2 hours.

Call me at the number below to discuss.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3661 | **F:** 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on** <image002.jpg>

<image003.jpg>

<image004.jpg>

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the

Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has

been addressed to you in error, please immediately alert the
sender by reply e-mail and then delete this message and its
attachments. Do not deliver, distribute or copy this message
and/or any attachments and if you are not the intended
recipient, do not disclose the contents or take any action in
reliance upon the information contained in this
communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership
that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for
the addressee(s) named in this message. This communication is intended to be and
to remain confidential and may be subject to applicable attorney/client and/or
work product privileges. If you are not the intended recipient of this message, or if
this message has been addressed to you in error, please immediately alert the
sender by reply e-mail and then delete this message and its attachments. Do not
deliver, distribute or copy this message and/or any attachments and if you are not
the intended recipient, do not disclose the contents or take any action in reliance
upon the information contained in this communication or any attachments.

| | |
|---|---|
| **From:** | Schulze, Jason R. |
| **To:** | Ryan Andrews |
| **Cc:** | David Weisz; George Schooff; Greg Resnick; Reid Winthrop |
| **Subject:** | RE: Subpoena of BRJ/Brett Jefferson |
| **Date:** | Thursday, December 1, 2022 7:37:10 PM |

Ryan:

As I've advised, we are willing to work with you to find a new deposition date for this subpoena and believe we should be able to accomplish an agreement for a new date in January, subject to the conditions set forth below. As noted, we have a discovery cut off of 12/19 and thus sought the deposition before that date. In order to reach agreement to take the deposition after that date, we will need: (a) Vitamin Energy's agreement that the deposition can be taken after the cut-off date and its agreement that doing so cannot be used as a basis for either party to argue for an extension of the discovery period; (b) BRJ to provide a date for the deposition before January 13 (a date during the first two weeks of January) to allow the transcript to be used, at a minimum, by the parties in rebuttal reports due by January 30; and (c) Vitamin Energy's agreement to send a joint letter to the court providing it with a statement setting forth the parties' agreement on this issue. By copy of this email to Mr. Schooff and Mr. Winthrop, we request Vitamin Energy's agreement.

Please advise if BRJ is amenable to providing a date during the first two weeks of January in the event that Vitamin Energy is agreeable to these terms.

Regards,

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

**Follow us on**   



---

**From:** Ryan Andrews <ryan@andrewslaw.com>
**Sent:** Monday, November 28, 2022 4:10 PM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Cc:** David Weisz <david@andrewslaw.com>; George Schooff <schooff@legalservicesgroupllc.com>;
Greg Resnick <gresnick@hildenecap.com>
**Subject:** Re: Subpoena of BRJ/Brett Jefferson



**\*\*\* External email \*\*\***

**\*\*CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.\*\***

Jason,

Please confirm you are not moving forward with this deposition in that day and are working to extend discovery or seek approval for this depo to be taken out of the discovery period.


Ryan Andrews


On Nov 23, 2022, at 5:36 PM, Schulze, Jason R. <jschulze@hinshawlaw.com> wrote:


Ryan, I think most, if not all, of the issues you raise below were preempted by my comments in the email I sent forwarding you notice of the re-issued subpoena. We can discuss this next week.  Suffice it to say, we disagree with your statements that we have done anything other than re-issue a subpoena to ensure proper service and agree to work cooperatively with you and counsel for Vitamin Energy to obtain the subject deposition testimony.


**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**   <image002.jpg>

<image003.jpg>


<image004.jpg>


**From:** Ryan Andrews <ryan@andrewslaw.com>
**Sent:** Wednesday, November 23, 2022 4:11 PM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>

**Cc:** David Weisz <david@andrewslaw.com>; George Schooff
<schooff@legalservicesgroupllc.com>; Greg Resnick <gresnick@hildenecap.com>
**Subject:** Re: Subpoena of BRJ/Brett Jefferson

# *** External email ***

**CAUTION: Verify the sender and use caution before opening any
attachments, clicking on links or responding to a request for information.**

Jason,

This will be the second time I told you that neither myself nor my client is available in
December for a deposition. So I'm not sure what you intended to do with this new
notice, but if it's not withdrawn and a date agreed to after the new year we will be
moving for sanctions against you and your client. This is unacceptable sharp practice
and you should know better, especially serving it at 5pm the day before thanksgiving
despite my telling you weeks ago December would not work. Your short discovery
period is not our emergency, especially since you refused to start the deposition on
time last time.

One of two things needs to occur. You either need to confer with us on a date in
January/move for an extension of time when one is agreed to and withdraw this
harassing subpoena for a deposition that was not agreed to, or two you need to work
this out with Vitamin Energy. I suspect this subpoena will be objected to by Vitamin
Energy and BRJ if you intend to stand on it. I hope we can resolve this without court
intervention, but this subpoena being noticed and sent to counsel for Vitamin Energy
without even bothering to copy counsel for BRJ seems problematic.

In any event, I look forward to hearing from you. I hope you have a great thanksgiving.


Ryan Andrews



> On Nov 22, 2022, at 1:35 PM, Ryan Andrews <ryan@andrewslaw.com>
> wrote:
>
> I'm at Disney with my family this week, will try to get back to you next
> week.
>
> Sent from my iPhone

On Nov 22, 2022, at 1:33 PM, Schulze, Jason R.
<jschulze@hinshawlaw.com> wrote:

Ryan, do you have an update from your client?  We have a
discovery cutoff of 12/19 for the case.  If we can't get a date
for a short deposition on the books to take place before
then, we will have to go to the court so we will need to know
if this is an issue. Please advise.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3661 | **F:** 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<u>image001.jpg</u>

**Follow us on**     <u>image002.jpg</u>

<u>image003.jpg</u>

<u>image004.jpg</u>

**From:** Ryan Andrews <ryan@andrewslaw.com>
**Sent:** Wednesday, November 16, 2022 10:38 AM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>; David
Weisz <david@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

# *** External email ***

**\*\*CAUTION: Verify the sender and use caution before
opening any attachments, clicking on links or
responding to a request for information.\*\***

Let us talk with our client, but scheduling and holiday wise it
is unlikely that it can be accommodated this year.

**From:** Schulze, Jason R. [mailto:jschulze@hinshawlaw.com]
**Sent:** Wednesday, November 16, 2022 11:23 AM
**To:** David Weisz <david@andrewslaw.com>; Ryan Andrews
<ryan@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

David:  You have not responded to my request below
regarding a proposed new date for the deposition of BRJ
Holdings. Please provide alternative dates.  If BRJ has instead
changed course and no longer intends to appear for
deposition in response to Evanston's subpoena, please let us
know that as well as we will seek appropriate relief.  In any
event, please provide a response by the end of the week.  If
we do not hear from you, we will presume you have decided
to no longer work cooperatively to obtain the requested
testimony and proceed accordingly.

Feel free to contact me to discuss.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**   <image002.jpg>

<image003.jpg>

<image004.jpg>

**From:** Schulze, Jason R.
**Sent:** Thursday, October 27, 2022 11:40 AM
**To:** 'David Weisz' <david@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

David, as we discussed on 10/12, please advise of a date in
November in which we can move forward with this
deposition of BRJ pursuant to the subpoena.  Let me know of
any questions.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

Follow us on    <image002.jpg>

<image003.jpg>

<image004.jpg>

**From:** David Weisz <david@andrewslaw.com>
**Sent:** Wednesday, October 12, 2022 12:34 PM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

# *** External email ***

**CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.**

Jason, I just tried calling you back – please give me a call when you can at (772) 812-8121.

Thanks,

**David A. Weisz, Esq.***
Senior Attorney
Andrews Law Firm
822 North Monroe Street
Tallahassee, FL 32303
**T:** (850) 681-6416 | **F:** (850) 681-6984
www.andrewslaw.com

*Licensed to practice law in Florida, Georgia, and New York

**CONFIDENTIALITY NOTICE:** The information contained in this electronic message is legally privileged and confidential

information. As such, the information contained in this electronic message is exempt from disclosure under applicable law. The information contained in this email is intended exclusively for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of the message is strictly prohibited. If you have received this email in error, please notify us immediately by return email and delete the original message and any copies of it from your computer system. Thank you for your attention and assistance in this matter.

**From:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Sent:** Wednesday, October 12, 2022 1:19 PM
**To:** David Weisz <david@andrewslaw.com>
**Cc:** Reid Winthrop <reid@winthroplawgroup.com>; George Schooff (Work) <schooff@legalservicesgrouppllc.com>
**Subject:** Subpoena of BRJ/Brett Jefferson

David, I just received your production pursuant to the subpoena issued to BRJ. I will need additional time to review the 650 pages before the scheduled start time of 2:00 ET. Likely at least 1-2 hours.

Call me at the number below to discuss.


**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**    <image002.jpg>

<image003.jpg>


<image004.jpg>

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable

attorney/client and/or work product privileges. If you are not
the intended recipient of this message, or if this message has
been addressed to you in error, please immediately alert the
sender by reply e-mail and then delete this message and its
attachments. Do not deliver, distribute or copy this message
and/or any attachments and if you are not the intended
recipient, do not disclose the contents or take any action in
reliance upon the information contained in this
communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has
elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the
addressee(s) named in this message. This communication is intended to be and to
remain confidential and may be subject to applicable attorney/client and/or work
product privileges. If you are not the intended recipient of this message, or if this
message has been addressed to you in error, please immediately alert the sender by
reply e-mail and then delete this message and its attachments. Do not deliver,
distribute or copy this message and/or any attachments and if you are not the intended
recipient, do not disclose the contents or take any action in reliance upon the
information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has
elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the
addressee(s) named in this message. This communication is intended to be and to remain
confidential and may be subject to applicable attorney/client and/or work product privileges. If
you are not the intended recipient of this message, or if this message has been addressed to
you in error, please immediately alert the sender by reply e-mail and then delete this message
and its attachments. Do not deliver, distribute or copy this message and/or any attachments
and if you are not the intended recipient, do not disclose the contents or take any action in
reliance upon the information contained in this communication or any attachments.

**From:**     Ryan Andrews
**To:**         Schulze, Jason R.
**Cc:**         David Weisz; George Schooff; Greg Resnick; Reid Winthrop
**Subject:**  Re: Subpoena of BRJ/Brett Jefferson
**Date:**      Thursday, December 1, 2022 7:40:28 PM

First it sounds like you need their agreement. Once you have that we will give a date, my issue is I have surgery scheduled for Friday I think the 6th, so it may be difficult to do by the 13th, but we will try our best once you straighten out the other points with VE's counsel.

I would ask that everybody confer as soon as possible because if we don't hear by like Wednesday of next week we intend to move for a protective order.

Thanks.

Sent from my iPhone

> On Dec 1, 2022, at 7:37 PM, Schulze, Jason R. <jschulze@hinshawlaw.com> wrote:

> Ryan:

> As I've advised, we are willing to work with you to find a new deposition date for this subpoena and believe we should be able to accomplish an agreement for a new date in January, subject to the conditions set forth below. As noted, we have a discovery cut off of 12/19 and thus sought the deposition before that date. In order to reach agreement to take the deposition after that date, we will need: (a) Vitamin Energy's agreement that the deposition can be taken after the cut-off date and its agreement that doing so cannot be used as a basis for either party to argue for an extension of the discovery period; (b) BRJ to provide a date for the deposition before January 13 (a date during the first two weeks of January) to allow the transcript to be used, at a minimum, by the parties in rebuttal reports due by January 30; and (c) Vitamin Energy's agreement to send a joint letter to the court providing it with a statement setting forth the parties' agreement on this issue. By copy of this email to Mr. Schooff and Mr. Winthrop, we request Vitamin Energy's agreement.

> Please advise if BRJ is amenable to providing a date during the first two weeks of January in the event that Vitamin Energy is agreeable to these terms.

> Regards,

> **Jason R. Schulze**
> Partner
> **Hinshaw & Culbertson LLP**
> 151 North Franklin Street, Suite 2500, Chicago, IL 60606


EXHIBIT
7

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<u><image001.jpg></u>

**Follow us on** <u><image002.jpg></u>

<u><image003.jpg></u>

<u><image004.jpg></u>

**From:** Ryan Andrews <ryan@andrewslaw.com>
**Sent:** Monday, November 28, 2022 4:10 PM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Cc:** David Weisz <david@andrewslaw.com>; George Schooff
<schooff@legalservicesgrouppllc.com>; Greg Resnick <gresnick@hildenecap.com>
**Subject:** Re: Subpoena of BRJ/Brett Jefferson

## *** External email ***

**\*\*CAUTION: Verify the sender and use caution before opening any
attachments, clicking on links or responding to a request for information.\*\***

Jason,

Please confirm you are not moving forward with this deposition in that day and are
working to extend discovery or seek approval for this depo to be taken out of the
discovery period.

Ryan Andrews

> On Nov 23, 2022, at 5:36 PM, Schulze, Jason R.
> <jschulze@hinshawlaw.com> wrote:

> Ryan, I think most, if not all, of the issues you raise below were
> preempted by my comments in the email I sent forwarding you notice of
> the re-issued subpoena. We can discuss this next week. Suffice it to say,
> we disagree with your statements that we have done anything other than
> re-issue a subpoena to ensure proper service and agree to work

cooperatively with you and counsel for Vitamin Energy to obtain the subject deposition testimony.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

                   <image001.jpg>

**Follow us on**      <image002.jpg>

                   <image003.jpg>

<image004.jpg>

**From:** Ryan Andrews <ryan@andrewslaw.com>
**Sent:** Wednesday, November 23, 2022 4:11 PM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Cc:** David Weisz <david@andrewslaw.com>; George Schooff <schooff@legalservicesgrouppllc.com>; Greg Resnick <gresnick@hildenecap.com>
**Subject:** Re: Subpoena of BRJ/Brett Jefferson

# *** External email ***

**\*\*CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.\*\***

Jason,

This will be the second time I told you that neither myself nor my client is available in December for a deposition. So I'm not sure what you intended to do with this new notice, but if it's not withdrawn and a date agreed to after the new year we will be moving for sanctions against you and your client. This is unacceptable sharp practice and you should know better, especially serving it at 5pm the day before thanksgiving despite my telling you weeks ago December would not work. Your short discovery period is

not our emergency, especially since you refused to start the deposition on time last time.

One of two things needs to occur. You either need to confer with us on a date in January/move for an extension of time when one is agreed to and withdraw this harassing subpoena for a deposition that was not agreed to, or two you need to work this out with Vitamin Energy. I suspect this subpoena will be objected to by Vitamin Energy and BRJ if you intend to stand on it. I hope we can resolve this without court intervention, but this subpoena being noticed and sent to counsel for Vitamin Energy without even bothering to copy counsel for BRJ seems problematic.

In any event, I look forward to hearing from you. I hope you have a great thanksgiving.


Ryan Andrews


> On Nov 22, 2022, at 1:35 PM, Ryan Andrews
> <ryan@andrewslaw.com> wrote:
>
> I'm at Disney with my family this week, will try to get back to you next week.
>
> Sent from my iPhone
>
>
> > On Nov 22, 2022, at 1:33 PM, Schulze, Jason R.
> > <jschulze@hinshawlaw.com> wrote:
> >
> > Ryan, do you have an update from your client? We have a discovery cutoff of 12/19 for the case.  If we can't get a date for a short deposition on the books to take place before then, we will have to go to the court so we will need to know if this is an issue. Please advise.
> >
> >
> > **Jason R. Schulze**
> > Partner
> > **Hinshaw & Culbertson LLP**
> > 151 North Franklin Street, Suite 2500, Chicago, IL

60606

**O:** 312-704-3661 | **F:** 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**   <image002.jpg>

<image003.jpg>

<image004.jpg>

**From:** Ryan Andrews <ryan@andrewslaw.com>
**Sent:** Wednesday, November 16, 2022 10:38
AM
**To:** Schulze, Jason R.
<jschulze@hinshawlaw.com>; David Weisz
<david@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

# *** External email ***

**\*\*CAUTION: Verify the sender and use
caution before opening any attachments,
clicking on links or responding to a request
for information.\*\***

Let us talk with our client, but scheduling and
holiday wise it is unlikely that it can be
accommodated this year.

**From:** Schulze, Jason R.
[mailto:jschulze@hinshawlaw.com]
**Sent:** Wednesday, November 16, 2022 11:23
AM
**To:** David Weisz <david@andrewslaw.com>;
Ryan Andrews <ryan@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

David:  You have not responded to my request
below regarding a proposed new date for the
deposition of BRJ Holdings. Please provide

alternative dates.  If BRJ has instead changed
course and no longer intends to appear for
deposition in response to Evanston's subpoena,
please let us know that as well as we will seek
appropriate relief.  In any event, please provide
a response by the end of the week.  If we do
not hear from you, we will presume you have
decided to no longer work cooperatively to
obtain the requested testimony and proceed
accordingly.

Feel free to contact me to discuss.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL
60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**    <image002.jpg>

<image003.jpg>

<image004.jpg>

---

**From:** Schulze, Jason R.
**Sent:** Thursday, October 27, 2022 11:40 AM
**To:** 'David Weisz' <david@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

David, as we discussed on 10/12, please advise
of a date in November in which we can move
forward with this deposition of BRJ pursuant to
the subpoena.  Let me know of any questions.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL
60606

O: 312-704-3661 | F: 312-704-3001

JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**     <image002.jpg>

<image003.jpg>

<image004.jpg>

---

**From:** David Weisz <david@andrewslaw.com>
**Sent:** Wednesday, October 12, 2022 12:34 PM
**To:** Schulze, Jason R.
<jschulze@hinshawlaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

# *** External email ***

**\*\*CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.\*\***

Jason, I just tried calling you back – please give me a call when you can at (772) 812-8121.

Thanks,

**David A. Weisz, Esq.\***
Senior Attorney
Andrews Law Firm
822 North Monroe Street
Tallahassee, FL 32303
**T:** (850) 681-6416 | **F:** (850) 681-6984
www.andrewslaw.com

\*Licensed to practice law in Florida, Georgia, and New York

**CONFIDENTIALITY NOTICE:** The information contained in this electronic message is legally privileged and confidential information. As

such, the information contained in this
electronic message is exempt from disclosure
under applicable law. The information
contained in this email is intended exclusively
for the use of the individual or entity named
above. If the reader of this message is not the
intended recipient, you are hereby notified that
any dissemination, distribution, or copying of
the message is strictly prohibited. If you have
received this email in error, please notify us
immediately by return email and delete the
original message and any copies of it from your
computer system. Thank you for your attention
and assistance in this matter.

**From:** Schulze, Jason R.
<jschulze@hinshawlaw.com>
**Sent:** Wednesday, October 12, 2022 1:19 PM
**To:** David Weisz <david@andrewslaw.com>
**Cc:** Reid Winthrop
<reid@winthroplawgroup.com>; George
Schooff (Work)
<schooff@legalservicesgrouppllc.com>
**Subject:** Subpoena of BRJ/Brett Jefferson

David, I just received your production pursuant
to the subpoena issued to BRJ. I will need
additional time to review the 650 pages before
the scheduled start time of 2:00 ET. Likely at
least 1-2 hours.

Call me at the number below to discuss.


**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL
60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**        <image002.jpg>

<u>&lt;image003.jpg&gt;</u>

<u>&lt;image004.jpg&gt;</u>

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply

e-mail and then delete this message and its
attachments. Do not deliver, distribute or
copy this message and/or any attachments
and if you are not the intended recipient, do
not disclose the contents or take any action
in reliance upon the information contained
in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois
registered limited liability partnership that has
elected to be governed by the Illinois Uniform
Partnership Act (1997).

The contents of this e-mail message and any
attachments are intended solely for the
addressee(s) named in this message. This
communication is intended to be and to remain
confidential and may be subject to applicable
attorney/client and/or work product privileges.
If you are not the intended recipient of this
message, or if this message has been addressed
to you in error, please immediately alert the
sender by reply e-mail and then delete this
message and its attachments. Do not deliver,
distribute or copy this message and/or any
attachments and if you are not the intended
recipient, do not disclose the contents or take
any action in reliance upon the information
contained in this communication or any
attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability
partnership that has elected to be governed by the Illinois Uniform
Partnership Act (1997).

The contents of this e-mail message and any attachments are intended
solely for the addressee(s) named in this message. This communication is
intended to be and to remain confidential and may be subject to
applicable attorney/client and/or work product privileges. If you are not
the intended recipient of this message, or if this message has been
addressed to you in error, please immediately alert the sender by reply e-
mail and then delete this message and its attachments. Do not deliver,
distribute or copy this message and/or any attachments and if you are not
the intended recipient, do not disclose the contents or take any action in

reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

**From:** Ryan Andrews
**To:** Schulze, Jason R.
**Cc:** David Weisz; George Schooff; Greg Resnick; Reid Winthrop
**Subject:** RE: Subpoena of BRJ/Brett Jefferson
**Date:** Thursday, December 8, 2022 10:51:22 AM
**Importance:** High

Jason,

As a follow up, I have just spoken to George Schoff and he has informed me that no one from your side has reached out to discuss extending discovery for this deposition or to secure dates. Please confirm by Noon eastern time tomorrow that you are moving the deposition and have reached an agreement for this deposition to be taken outside of the discovery period. If I do not hear from you we will be filing a motion for protective order and seeking fees.

I look forward to your prompt response.

**Ryan J. Andrews, Esq.**
Andrews Law Firm at The Grove
822 North Monroe Street
Tallahassee, FL 32303
T: (850) 681-6416
F: (850) 681-6984
www.andrewslaw.com

CONFIDENTIALITY NOTICE: The information contained in this electronic message is legally privileged and confidential information. As such, the information contained in this electronic message is exempt from disclosure under applicable law. The information contained in this email is intended exclusively for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of the message is strictly prohibited. If you have received this email in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. Thank you for your attention and assistance in this matter.

**From:** Ryan Andrews
**Sent:** Thursday, December 08, 2022 10:33 AM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Cc:** David Weisz <david@andrewslaw.com>; George Schoff <schoff@legalservicesgrouppllc.com>; Greg Resnick <gresnick@hildenecap.com>; Reid Winthrop <reid@winthroplawgroup.com>
**Subject:** Re: Subpoena of BRJ/Brett Jefferson

Jason do you have an update?

Sent from my iPhone


EXHIBIT
8

On Dec 1, 2022, at 7:40 PM, Ryan Andrews <ryan@andrewslaw.com> wrote:

First it sounds like you need their agreement. Once you have that we will give a date, my issue is I have surgery scheduled for Friday I think the 6th, so it may be difficult to do by the 13th, but we will try our best once you straighten out the other points with VE's counsel.

I would ask that everybody confer as soon as possible because if we don't hear by like Wednesday of next week we intend to move for a protective order.

Thanks.

Sent from my iPhone

> On Dec 1, 2022, at 7:37 PM, Schulze, Jason R.
> <jschulze@hinshawlaw.com> wrote:
>
> Ryan:
>
> As I've advised, we are willing to work with you to find a new deposition date for this subpoena and believe we should be able to accomplish an agreement for a new date in January, subject to the conditions set forth below. As noted, we have a discovery cut off of 12/19 and thus sought the deposition before that date. In order to reach agreement to take the deposition after that date, we will need: (a) Vitamin Energy's agreement that the deposition can be taken after the cut-off date and its agreement that doing so cannot be used as a basis for either party to argue for an extension of the discovery period; (b) BRJ to provide a date for the deposition before January 13 (a date during the first two weeks of January) to allow the transcript to be used, at a minimum, by the parties in rebuttal reports due by January 30; and (c) Vitamin Energy's agreement to send a joint letter to the court providing it with a statement setting forth the parties' agreement on this issue.  By copy of this email to Mr. Schooff and Mr. Winthrop, we request Vitamin Energy's agreement.
>
> Please advise if BRJ is amenable to providing a date during the first two weeks of January in the event that Vitamin Energy is agreeable to these terms.
>
> Regards,
>
> **Jason R. Schulze**

Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<u><image001.jpg></u>

**Follow us on**    <u><image002.jpg></u>

<u><image003.jpg></u>

<u><image004.jpg></u>

**From:** Ryan Andrews <<u>ryan@andrewslaw.com</u>>
**Sent:** Monday, November 28, 2022 4:10 PM
**To:** Schulze, Jason R. <<u>jschulze@hinshawlaw.com</u>>
**Cc:** David Weisz <<u>david@andrewslaw.com</u>>; George Schooff
<<u>schooff@legalservicesgrouppllc.com</u>>; Greg Resnick
<<u>gresnick@hildenecap.com</u>>
**Subject:** Re: Subpoena of BRJ/Brett Jefferson

# *** External email ***

## **CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.**

Jason,

Please confirm you are not moving forward with this deposition in that day and are working to extend discovery or seek approval for this depo to be taken out of the discovery period.

Ryan Andrews

On Nov 23, 2022, at 5:36 PM, Schulze, Jason R.
<<u>jschulze@hinshawlaw.com</u>> wrote:

Ryan, I think most, if not all, of the issues you raise below were preempted by my comments in the email I sent forwarding you notice of the re-issued subpoena. We can discuss this next week.  Suffice it to say, we disagree with your statements that we have done anything other than re-issue a subpoena to ensure proper service and agree to work cooperatively with you and counsel for Vitamin Energy to obtain the subject deposition testimony.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3661 | **F:** 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**     <image002.jpg>

<image003.jpg>

<image004.jpg>

**From:** Ryan Andrews <ryan@andrewslaw.com>
**Sent:** Wednesday, November 23, 2022 4:11 PM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Cc:** David Weisz <david@andrewslaw.com>; George Schooff <schooff@legalservicesgrouppllc.com>; Greg Resnick <gresnick@hildenecap.com>
**Subject:** Re: Subpoena of BRJ/Brett Jefferson

# *** External email ***

**\*\*CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.\*\***

Jason,

This will be the second time I told you that neither myself nor my client is available in December for a deposition. So I'm not sure what you intended to do with this new notice, but if it's not withdrawn and a date agreed to after the new year we will be moving for sanctions against you and your client. This is unacceptable sharp practice and you should know better, especially serving it at 5pm the day before thanksgiving despite my telling you weeks ago December would not work. Your short discovery period is not our emergency, especially since you refused to start the deposition on time last time.

One of two things needs to occur. You either need to confer with us on a date in January/move for an extension of time when one is agreed to and withdraw this harassing subpoena for a deposition that was not agreed to, or two you need to work this out with Vitamin Energy. I suspect this subpoena will be objected to by Vitamin Energy and BRJ if you intend to stand on it. I hope we can resolve this without court intervention, but this subpoena being noticed and sent to counsel for Vitamin Energy without even bothering to copy counsel for BRJ seems problematic.

In any event, I look forward to hearing from you. I hope you have a great thanksgiving.


Ryan Andrews



On Nov 22, 2022, at 1:35 PM, Ryan Andrews
<ryan@andrewslaw.com> wrote:

 I'm at Disney with my family this week, will try to get back to you next week.

Sent from my iPhone



On Nov 22, 2022, at 1:33 PM, Schulze, Jason R.

<jschulze@hinshawlaw.com>
wrote:

Ryan, do you have an update from
your client?  We have a discovery
cutoff of 12/19 for the case.  If we
can't get a date for a short
deposition on the books to take
place before then, we will have to
go to the court so we will need to
know if this is an issue. Please
advise.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite
2500, Chicago, IL 60606

**O**: 312-704-3661 | **F**: 312-704-
3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**    <image002.jpg>

<image003.jpg>

<image004.jpg>

**From:** Ryan Andrews
<ryan@andrewslaw.com>
**Sent:** Wednesday, November 16,
2022 10:38 AM
**To:** Schulze, Jason R.
<jschulze@hinshawlaw.com>;
David Weisz
<david@andrewslaw.com>
**Subject:** RE: Subpoena of
BRJ/Brett Jefferson

## *** External email ***

**\*\*CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.\*\***

Let us talk with our client, but scheduling and holiday wise it is unlikely that it can be accommodated this year.

**From:** Schulze, Jason R. [mailto:jschulze@hinshawlaw.com]
**Sent:** Wednesday, November 16, 2022 11:23 AM
**To:** David Weisz <david@andrewslaw.com>; Ryan Andrews <ryan@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

David:  You have not responded to my request below regarding a proposed new date for the deposition of BRJ Holdings. Please provide alternative dates.  If BRJ has instead changed course and no longer intends to appear for deposition in response to Evanston's subpoena, please let us know that as well as we will seek appropriate relief.  In any event, please provide a response by the end of the week.  If we do not hear from you, we will presume you have decided to no longer work cooperatively to obtain the requested testimony and proceed accordingly.

Feel free to contact me to discuss.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**  <image002.jpg>

<image003.jpg>

<image004.jpg>

**From:** Schulze, Jason R.
**Sent:** Thursday, October 27, 2022 11:40 AM
**To:** 'David Weisz' <david@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

David, as we discussed on 10/12, please advise of a date in November in which we can move forward with this deposition of BRJ pursuant to the subpoena. Let me know of any questions.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<u>image001.jpg</u>

**Follow us on**    <u>image002.jpg</u>

<u>image003.jpg</u>

<u>image004.jpg</u>

**From:** David Weisz
<<u>david@andrewslaw.com</u>>
**Sent:** Wednesday, October 12,
2022 12:34 PM
**To:** Schulze, Jason R.
<<u>jschulze@hinshawlaw.com</u>>
**Subject:** RE: Subpoena of
BRJ/Brett Jefferson

# *** External email ***

**\*\*CAUTION: Verify the sender
and use caution before
opening any attachments,
clicking on links or responding
to a request for information.\*\***

Jason, I just tried calling you back
– please give me a call when you
can at (772) 812-8121.

Thanks,

**David A. Weisz, Esq.\***
Senior Attorney
Andrews Law Firm
822 North Monroe Street
Tallahassee, FL 32303
**T:** (850) 681-6416 | **F:** (850) 681-
6984
<u>www.andrewslaw.com</u>

\*Licensed to practice law in Florida,

Georgia, and New York

**CONFIDENTIALITY NOTICE:** The information contained in this electronic message is legally privileged and confidential information. As such, the information contained in this electronic message is exempt from disclosure under applicable law. The information contained in this email is intended exclusively for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of the message is strictly prohibited. If you have received this email in error, please notify us immediately by return email and delete the original message and any copies of it from your computer system. Thank you for your attention and assistance in this matter.

**From:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Sent:** Wednesday, October 12, 2022 1:19 PM
**To:** David Weisz <david@andrewslaw.com>
**Cc:** Reid Winthrop <reid@winthroplawgroup.com>; George Schoof (Work) <schooff@legalservicesgrouppllc.com>
**Subject:** Subpoena of BRJ/Brett Jefferson

David, I just received your production pursuant to the subpoena issued to BRJ. I will need additional time to review

the 650 pages before the
scheduled start time of 2:00 ET.
Likely at least 1-2 hours.

Call me at the number below to
discuss.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite
2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-
3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**      <image002.jpg>

<image003.jpg>

<image004.jpg>

Hinshaw & Culbertson LLP is an
Illinois registered limited liability
partnership that has elected to be
governed by the Illinois Uniform
Partnership Act (1997).

The contents of this e-mail
message and any attachments are
intended solely for the
addressee(s) named in this
message. This communication is
intended to be and to remain
confidential and may be subject
to applicable attorney/client
and/or work product privileges. If
you are not the intended recipient
of this message, or if this message
has been addressed to you in

error, please immediately alert
the sender by reply e-mail and
then delete this message and its
attachments. Do not deliver,
distribute or copy this message
and/or any attachments and if
you are not the intended
recipient, do not disclose the
contents or take any action in
reliance upon the information
contained in this communication
or any attachments.

Hinshaw & Culbertson LLP is
an Illinois registered limited
liability partnership that has
elected to be governed by the
Illinois Uniform Partnership
Act (1997).

The contents of this e-mail
message and any attachments
are intended solely for the
addressee(s) named in this
message. This communication
is intended to be and to remain
confidential and may be subject
to applicable attorney/client
and/or work product privileges.
If you are not the intended
recipient of this message, or if
this message has been addressed
to you in error, please
immediately alert the sender by
reply e-mail and then delete this
message and its attachments.
Do not deliver, distribute or
copy this message and/or any
attachments and if you are not
the intended recipient, do not
disclose the contents or take any
action in reliance upon the
information contained in this
communication or any
attachments.

Hinshaw & Culbertson LLP is an

Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended

recipient, do not disclose the contents or take any action in
reliance upon the information contained in this
communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability
partnership that has elected to be governed by the Illinois Uniform
Partnership Act (1997).

The contents of this e-mail message and any attachments are intended
solely for the addressee(s) named in this message. This
communication is intended to be and to remain confidential and may
be subject to applicable attorney/client and/or work product
privileges. If you are not the intended recipient of this message, or if
this message has been addressed to you in error, please immediately
alert the sender by reply e-mail and then delete this message and its
attachments. Do not deliver, distribute or copy this message and/or
any attachments and if you are not the intended recipient, do not
disclose the contents or take any action in reliance upon the
information contained in this communication or any attachments.

**From:** <u>Schulze, Jason R.</u>
**To:** <u>Ryan Andrews</u>; <u>George Schooff</u>; <u>Reid Winthrop</u>; <u>David Weisz</u>; <u>Greg Resnick</u>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson
**Date:** Thursday, December 8, 2022 2:30:51 PM

Ryan, unfortunately in light of Vitamin Energy's refusal to the terms we suggested, I'm not able to agree to reschedule the deposition for any date after December 19. I can make any day or time staring Tuesday 12/13 through December 19 work if you can find a way to do that. Otherwise, I am not able to unilaterally arrange for a deposition after the discovery end date, particularly one that will come after our expert deadlines.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
<u>JSchulze@hinshawlaw.com</u>
<u>My Bio</u> | <u>hinshawlaw.com</u>

**Follow us on**  



**From:** Ryan Andrews <ryan@andrewslaw.com>
**Sent:** Thursday, December 08, 2022 12:55 PM
**To:** George Schooff <schooff@LEGALSERVICESGROUPPLLC.COM>; Schulze, Jason R. <jschulze@hinshawlaw.com>; Reid Winthrop <reid@winthroplawgroup.com>; David Weisz <david@andrewslaw.com>; Greg Resnick <gresnick@hildenecap.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson
**Importance:** High

# *** External email ***

**CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.**

Jason,

We will make the deponent available in the second two weeks of January. I will work on a date to have to you by next week (I'm in trial prep for a murder trial I am out of office for next week and week) but will have another person in my office work on getting a date for the BRJ depo via zoom. **However, I need you to first confirm the December deposition is being postponed.**



Thanks.


**Ryan J. Andrews, Esq.**
Andrews Law Firm at The Grove
822 North Monroe Street
Tallahassee, FL 32303
T: (850) 681-6416
F: (850) 681-6984
www.andrewslaw.com


CONFIDENTIALITY NOTICE: The information contained in this electronic message is legally privileged and confidential information. As such, the information contained in this electronic message is exempt from disclosure under applicable law. The information contained in this email is intended exclusively for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of the message is strictly prohibited. If you have received this email in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. Thank you for your attention and assistance in this matter.


**From:** George Schooff [mailto:schooff@LEGALSERVICESGROUPPLLC.COM]
**Sent:** Thursday, December 08, 2022 12:58 PM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>; Reid Winthrop <reid@winthroplawgroup.com>
**Cc:** Ryan Andrews <ryan@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

Jason,

You (and Evanston) are free to do anything you choose. As I understand it, BRJ has objected to the subpoena.

Evanston's refusal to cooperate in providing a defense to VE in the underlying action is a matter of record – in fact, it's the subject of a court order. Evanston's failure to cooperate in discovery in this matter is likewise a matter of record, one that VE intends to present to the court in the context of your client's bad faith.

Vitamin Energy will not unilaterally agree to an extension.

George Schooff
**Legal Services Group, PLLC**
18530 Mack Avenue, Ste 481
Grosse Pointe Farms, MI 48236
schooff@legalservicesgrouppllc.com
Direct: 313.434.0502

**CONFIDENTIALITY NOTICE**: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

**From:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Sent:** Thursday, December 8, 2022 12:42 PM
**To:** George Schooff <schooff@LEGALSERVICESGROUPPLLC.COM>; Reid Winthrop <reid@winthroplawgroup.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

George, Evanston's position on the discovery is attached. As for cooperation on this deposition, you're not cooperating or not cooperating with me or Evanston. We will be prepared to take the deposition on the date on the subpoena, 12/14. BRJ requested to move it to January and we proposed some very minor and noncontroversial conditions for you to allow us to accommodate BRJ, Mr. Andrews, and/or Mr. Jefferson in light of the pending discovery deadline. You will either agree or not agree to the simple proposal. Either way, we should let Ryan know.


**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3661 | **F:** 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

**Follow us on**  



**From:** George Schooff <schooff@LEGALSERVICESGROUPPLLC.COM>
**Sent:** Thursday, December 08, 2022 10:34 AM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>; Reid Winthrop <reid@winthroplawgroup.com>
**Subject:** Re: Subpoena of BRJ/Brett Jefferson


# *** External email ***

**\*\*CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.\*\***

Jason,

Cooperation is not a one-way street. Sorry.

Will your client agree to respond to the wealth-of-the-defendant discovery?

George Schooff

**From:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Sent:** Thursday, December 8, 2022 11:24:34 AM
**To:** George Schooff <schooff@LEGALSERVICESGROUPPLLC.COM>; Reid Winthrop
<reid@winthroplawgroup.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

George, you're answering a question with a question but I'll play along. Evanston's position on
agreeing to service for Bill Quackenboss remains unchanged. However, I understand that Mr.
Quackenboss was served with the subpoena last night so I'm not sure that Evanston's (or Mr.
Quackenboss') position on accepting service has any significance anymore.

Do you agree to the proposal in my 12/1 email below? If you do, it appears Ryan will provide a date
or two that hopefully will work for all of us in the first two weeks of January.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3661 │ **F:** 312-704-3001
JSchulze@hinshawlaw.com
My Bio │ hinshawlaw.com

**Follow us on**  



**From:** George Schooff <schooff@LEGALSERVICESGROUPPLLC.COM>
**Sent:** Thursday, December 08, 2022 10:06 AM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>; Reid Winthrop <reid@winthroplawgroup.com>
**Subject:** Re: Subpoena of BRJ/Brett Jefferson

# *** External email ***

**CAUTION: Verify the sender and use caution before opening any attachments, clicking on
links or responding to a request for information.****

Where do we stand on your agreeing to service on Quackenboss?

George Schooff
_____

**From:** Schulze, Jason R. <<u>jschulze@hinshawlaw.com</u>>
**Sent:** Thursday, December 8, 2022 11:02:39 AM
**To:** Reid Winthrop <<u>reid@winthroplawgroup.com</u>>; George Schooff
<<u>schooff@LEGALSERVICESGROUPPLLC.COM</u>>
**Subject:** FW: Subpoena of BRJ/Brett Jefferson

George and Reid:

If you two are waiting for a direct email from me, here it is to go along with my original proposal sent
by email to you on December 1 and the email I sent below this morning in response to Ryan.

Do you agree?

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3661 | **F:** 312-704-3001
<u>JSchulze@hinshawlaw.com</u>
<u>My Bio</u> | <u>hinshawlaw.com</u>

Follow us on  



**From:** Schulze, Jason R.
**Sent:** Thursday, December 08, 2022 10:00 AM
**To:** 'Ryan Andrews' <<u>ryan@andrewslaw.com</u>>
**Cc:** David Weisz <<u>david@andrewslaw.com</u>>; George Schooff <<u>schooff@legalservicesgrouppllc.com</u>>;
Greg Resnick <<u>gresnick@hildenecap.com</u>>; Reid Winthrop <<u>reid@winthroplawgroup.com</u>>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

Reached out? I don't understand. My email below specifically says that by copying VE's counsel, we
were requesting their agreement to the proposal.

How about this, George and/or Reid, do you agree to the proposal? If not, let me know if you want
to discuss. Can that be considered reaching out?

Ryan, if they agree, do you have a date in the first two weeks of January. I can't "secure dates" with
VE's counsel for your witness. I'd need to start with dates from you.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3661 | **F:** 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

**Follow us on**  



**From:** Ryan Andrews <ryan@andrewslaw.com>
**Sent:** Thursday, December 08, 2022 9:51 AM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Cc:** David Weisz <david@andrewslaw.com>; George Schooff <schooff@legalservicesgrouppllc.com>;
Greg Resnick <gresnick@hildenecap.com>; Reid Winthrop <reid@winthroplawgroup.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson
**Importance:** High

# *** External email ***

**\*\*CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.\*\***

Jason,

As a follow up, I have just spoken to George Schooff and he has informed me that no one from your side has reached out to discuss extending discovery for this deposition or to secure dates. Please confirm by Noon eastern time tomorrow that you are moving the deposition and have reached an agreement for this deposition to be taken outside of the discovery period. If I do not hear from you we will be filing a motion for protective order and seeking fees.

I look forward to your prompt response.

**Ryan J. Andrews, Esq.**
Andrews Law Firm at The Grove
822 North Monroe Street
Tallahassee, FL 32303
T: (850) 681-6416
F: (850) 681-6984
www.andrewslaw.com

CONFIDENTIALITY NOTICE: The information contained in this electronic message is legally privileged and confidential information. As such, the information contained in this electronic message is exempt from disclosure under applicable law. The information contained in this email is intended exclusively for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of the message is strictly prohibited. If you have received this email in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. Thank you for your attention and assistance in this matter.

**From:** Ryan Andrews
**Sent:** Thursday, December 08, 2022 10:33 AM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Cc:** David Weisz <david@andrewslaw.com>; George Schooff <schooff@legalservicesgrouppllc.com>; Greg Resnick <gresnick@hildenecap.com>; Reid Winthrop <reid@winthroplawgroup.com>
**Subject:** Re: Subpoena of BRJ/Brett Jefferson

Jason do you have an update?

Sent from my iPhone

> On Dec 1, 2022, at 7:40 PM, Ryan Andrews <ryan@andrewslaw.com> wrote:
>
> First it sounds like you need their agreement. Once you have that we will give a date, my issue is I have surgery scheduled for Friday I think the 6th, so it may be difficult to do by the 13th, but we will try our best once you straighten out the other points with VE's counsel.
>
> I would ask that everybody confer as soon as possible because if we don't hear by like Wednesday of next week we intend to move for a protective order.
>
> Thanks.
>
> Sent from my iPhone
>
>> On Dec 1, 2022, at 7:37 PM, Schulze, Jason R. <jschulze@hinshawlaw.com> wrote:
>>
>> Ryan:
>>
>> As I've advised, we are willing to work with you to find a new deposition date for this subpoena and believe we should be able to accomplish an

agreement for a new date in January, subject to the conditions set forth below. As noted, we have a discovery cut off of 12/19 and thus sought the deposition before that date. In order to reach agreement to take the deposition after that date, we will need: (a) Vitamin Energy's agreement that the deposition can be taken after the cut-off date and its agreement that doing so cannot be used as a basis for either party to argue for an extension of the discovery period; (b) BRJ to provide a date for the deposition before January 13 (a date during the first two weeks of January) to allow the transcript to be used, at a minimum, by the parties in rebuttal reports due by January 30; and (c) Vitamin Energy's agreement to send a joint letter to the court providing it with a statement setting forth the parties' agreement on this issue.  By copy of this email to Mr. Schooff and Mr. Winthrop, we request Vitamin Energy's agreement.

Please advise if BRJ is amenable to providing a date during the first two weeks of January in the event that Vitamin Energy is agreeable to these terms.

Regards,

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**    <image002.jpg>

<image003.jpg>

<image004.jpg>

**From:** Ryan Andrews <ryan@andrewslaw.com>
**Sent:** Monday, November 28, 2022 4:10 PM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Cc:** David Weisz <david@andrewslaw.com>; George Schooff
<schooff@legalservicesgroupllc.com>; Greg Resnick
<gresnick@hildenecap.com>
**Subject:** Re: Subpoena of BRJ/Brett Jefferson

**\*\*\* External email \*\*\***

**\*\*CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.\*\***

Jason,

Please confirm you are not moving forward with this deposition in that day and are working to extend discovery or seek approval for this depo to be taken out of the discovery period.


Ryan Andrews

> On Nov 23, 2022, at 5:36 PM, Schulze, Jason R. <jschulze@hinshawlaw.com> wrote:

> Ryan, I think most, if not all, of the issues you raise below were preempted by my comments in the email I sent forwarding you notice of the re-issued subpoena. We can discuss this next week.  Suffice it to say, we disagree with your statements that we have done anything other than re-issue a subpoena to ensure proper service and agree to work cooperatively with you and counsel for Vitamin Energy to obtain the subject deposition testimony.


**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**    <image002.jpg>

<image003.jpg>


<image004.jpg>

**From:** Ryan Andrews <ryan@andrewslaw.com>
**Sent:** Wednesday, November 23, 2022 4:11 PM
**To:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Cc:** David Weisz <david@andrewslaw.com>; George Schooff
<schooff@legalservicesgrouppllc.com>; Greg Resnick
<gresnick@hildenecap.com>
**Subject:** Re: Subpoena of BRJ/Brett Jefferson

# *** External email ***

**\*\*CAUTION: Verify the sender and use caution before
opening any attachments, clicking on links or
responding to a request for information.\*\***

Jason,

This will be the second time I told you that neither myself
nor my client is available in December for a deposition. So
I'm not sure what you intended to do with this new notice,
but if it's not withdrawn and a date agreed to after the new
year we will be moving for sanctions against you and your
client. This is unacceptable sharp practice and you should
know better, especially serving it at 5pm the day before
thanksgiving despite my telling you weeks ago December
would not work. Your short discovery period is not our
emergency, especially since you refused to start the
deposition on time last time.

One of two things needs to occur. You either need to confer
with us on a date in January/move for an extension of time
when one is agreed to and withdraw this harassing
subpoena for a deposition that was not agreed to, or two
you need to work this out with Vitamin Energy. I suspect this
subpoena will be objected to by Vitamin Energy and BRJ if
you intend to stand on it. I hope we can resolve this without
court intervention, but this subpoena being noticed and sent
to counsel for Vitamin Energy without even bothering to
copy counsel for BRJ seems problematic.

In any event, I look forward to hearing from you. I hope you
have a great thanksgiving.

Ryan Andrews

On Nov 22, 2022, at 1:35 PM, Ryan Andrews
<ryan@andrewslaw.com> wrote:

 I'm at Disney with my family this week, will try
to get back to you next week.

Sent from my iPhone

On Nov 22, 2022, at 1:33 PM,
Schulze, Jason R.
<jschulze@hinshawlaw.com>
wrote:

Ryan, do you have an update from
your client?  We have a discovery
cutoff of 12/19 for the case.  If we
can't get a date for a short
deposition on the books to take
place before then, we will have to
go to the court so we will need to
know if this is an issue. Please
advise.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite
2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-
3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**    <image002.jpg>

<image003.jpg>

**From:** Ryan Andrews
<ryan@andrewslaw.com>
**Sent:** Wednesday, November 16, 2022 10:38 AM
**To:** Schulze, Jason R.
<jschulze@hinshawlaw.com>;
David Weisz
<david@andrewslaw.com>
**Subject:** RE: Subpoena of
BRJ/Brett Jefferson

# *** External email ***

**\*\*CAUTION: Verify the sender and use caution before opening any attachments, clicking on links or responding to a request for information.\*\***

Let us talk with our client, but scheduling and holiday wise it is unlikely that it can be accommodated this year.

**From:** Schulze, Jason R.
[mailto:jschulze@hinshawlaw.com]
**Sent:** Wednesday, November 16, 2022 11:23 AM
**To:** David Weisz
<david@andrewslaw.com>; Ryan
Andrews
<ryan@andrewslaw.com>
**Subject:** RE: Subpoena of
BRJ/Brett Jefferson

David: You have not responded to my request below regarding a proposed new date for the deposition of BRJ Holdings. Please

provide alternative dates.  If BRJ has instead changed course and no longer intends to appear for deposition in response to Evanston's subpoena, please let us know that as well as we will seek appropriate relief.  In any event, please provide a response by the end of the week.  If we do not hear from you, we will presume you have decided to no longer work cooperatively to obtain the requested testimony and proceed accordingly.

Feel free to contact me to discuss.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3661 **| F:** 312-704-3001
JSchulze@hinshawlaw.com
My Bio **|** hinshawlaw.com

<image001.jpg>

**Follow us on**    <image002.jpg>

<image003.jpg>

<image004.jpg>

**From:** Schulze, Jason R.
**Sent:** Thursday, October 27, 2022 11:40 AM
**To:** 'David Weisz' <david@andrewslaw.com>
**Subject:** RE: Subpoena of BRJ/Brett Jefferson

David, as we discussed on 10/12, please advise of a date in

November in which we can move
forward with this deposition of
BRJ pursuant to the subpoena.
Let me know of any questions.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite
2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-
3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**    <image002.jpg>

<image003.jpg>

<image004.jpg>

**From:** David Weisz
<david@andrewslaw.com>
**Sent:** Wednesday, October 12,
2022 12:34 PM
**To:** Schulze, Jason R.
<jschulze@hinshawlaw.com>
**Subject:** RE: Subpoena of
BRJ/Brett Jefferson

# *** External email
***

**CAUTION: Verify the sender
and use caution before
opening any attachments,
clicking on links or responding
to a request for information.****

Jason, I just tried calling you back
– please give me a call when you

can at (772) 812-8121.

Thanks,

**David A. Weisz, Esq.***
Senior Attorney
Andrews Law Firm
822 North Monroe Street
Tallahassee, FL 32303
**T:** (850) 681-6416 **| F:** (850) 681-6984
www.andrewslaw.com

*Licensed to practice law in Florida, Georgia, and New York

**CONFIDENTIALITY NOTICE:** The information contained in this electronic message is legally privileged and confidential information. As such, the information contained in this electronic message is exempt from disclosure under applicable law. The information contained in this email is intended exclusively for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of the message is strictly prohibited. If you have received this email in error, please notify us immediately by return email and delete the original message and any copies of it from your computer system. Thank you for your attention and assistance in this matter.

**From:** Schulze, Jason R. <jschulze@hinshawlaw.com>
**Sent:** Wednesday, October 12,

2022 1:19 PM
**To:** David Weisz
<david@andrewslaw.com>
**Cc:** Reid Winthrop
<reid@winthroplawgroup.com>;
George Schooff (Work)
<schooff@legalservicesgrouppllc.com>
**Subject:** Subpoena of BRJ/Brett
Jefferson

David, I just received your
production pursuant to the
subpoena issued to BRJ. I will
need additional time to review
the 650 pages before the
scheduled start time of 2:00 ET.
Likely at least 1-2 hours.

Call me at the number below to
discuss.

**Jason R. Schulze**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite
2500, Chicago, IL 60606

O: 312-704-3661 | F: 312-704-
3001
JSchulze@hinshawlaw.com
My Bio | hinshawlaw.com

<image001.jpg>

**Follow us on**     <image002.jpg>

<image003.jpg>

<image004.jpg>

Hinshaw & Culbertson LLP is an
Illinois registered limited liability
partnership that has elected to be
governed by the Illinois Uniform

Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed

to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this

communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.