# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| VITAMIN ENERGY, LLC, | CIVIL ACTION NO.: 2:19-cv-03672-JHS |
| Plaintiff, | |
| vs. | |
| EVANSTON INSURANCE COMPANY, | |
| Defendant. | |

## DECLARATION OF REID A. WINTHROP

I, Reid A. Winthrop, hereby declare as follows:

1.    I am an attorney-at-law licensed to practice law in the State of California and admitted pro hac vice in the United States District Court for the Eastern District of Pennsylvania in connection with the above-captioned matter. I am an attorney at the law firm of Winthrop Law Group, P.C., attorneys for Plaintiff Vitamin Energy, Inc. in the above-captioned matter. As such, I am fully familiar with the facts set forth herein.

2.    I make this Declaration in support of Plaintiff Vitamin Energy's opposition to Defendant Evanston Insurance Company's motion for an order

compelling the production of various documents from Vitamin Energy filed on or about December 20, 2022 (the "Motion").

3.    Evanston's Motion suggests that Vitamin Energy has failed to comply with the ESI Order (Dkt. 79) and the Federal Rules of Civil Procedure in this case. The suggestion is false, and in any event, to the extent any deficiencies existed in the initial production, was rendered moot during the three-months and 16 depositions taken by Evanston between August 29 and November 9, 2022.

4.    I was retained by Vitamin Energy in late-March 2022 in this case, almost three years after it was filed by Vitamin Energy. I was provided with Evanston's First Request for Production of Documents that had already been served prior to my engagement in mid-March 2022.

5.    In April 2022, I had discussions with prior counsel for Evanston regarding a proposed ESI Order prior to any productions. Evanston's counsel proposed the ESI Order, which was negotiated and agreed upon, and filed in mid-April. The parties agreed to extensions for production pending the ESI Order being entered by the Court.

6.    Once entered, I provided the ESI Order to my client along with the First Document Requests, and worked with my client in collecting documents for production.

7.      In early-May 2022, I received over 2,000 pages of documents, including individual file folders that identified documents from the following custodians:

    a.  Richard Gorman;

    b.  Larry Greenway;

    c.  Tim Duncan;

    d.  Nick Mihnovets; and

    e.  Jay Byrd.

8.      I also received files identified from other individuals, including Brett Jefferson, Colin Boyd, Daniel Sinor, David Rancourt, Kolby Jones, Lana Jones, Randy Mills, Scott Roix, Tony Ecock, and Tyler Allen.

9.      I also learned that Rise Meguiar and Brittany Black had left the company in April 2022, and the company did not have access to their computers or files.

10.     I also learned that only two of the individuals identified as custodians under the ESI Order were employees of Vitamin Energy – Larry Greenway and Rise Meguiar – and that each of them, as well as the independent contractors who had worked for Vitamin Energy over the years, owned and possessed their own personal computers, and that there was no central server or cloud-based storage system for the company.

3

11.    As of May 2022, I believed that a reasonable and thorough search of email systems and hard drives for each of the identified custodians had been conducted, and the documents, and particularly the communications within Vitamin Energy's possession, custody or control, had been collected for production.

12.    Once collected and reviewed for privilege and relevance, I provided the ESI Order and the documents identified for production to a third party ESI contractor, who prepared the documents for production according to Section 3 Production Format in the ESI Order.  The documents were produced on May 6, 2022.

13.    Following meet-and-confer efforts, a replacement set of documents was provided which included native format documents on May 27, 2022.

14.    Following further meet-and-confer efforts, Vitamin Energy agreed to produce additional documents initially withheld based on various objections.

15.    On August 3 and 19, 2022, Vitamin Energy produced pleading files in various litigation matters, as well as financial documents.

16.    Following a hearing on Evanston's Motion to Compel, on August 31, 2022, Vitamin Energy produced all documents ordered by the Court, including additional pleadings, payroll records, and tax returns.

17.    As of the end of August 2022, my understanding was that exhaustive searches pursuant to the ESI Order were conducted by Vitamin Energy, including

the production of all financial documents either agreed to be produced, and/or ordered by the Court.

18.    On August 29, 2022, depositions commenced in this case.  Evanston issued 18 deposition and document subpoenas, which the Court allowed to proceed.

19.    My office accepted service of the subpoenas, and represented each of the witnesses (except for BJR Holdings/Brett Jefferson and Colin Boyd) deposed by Evanston.  Each subpoena contained document requests.

20.    I, along with my co-counsel George Schooff, met directly with each of the witnesses.  During those meetings, we discovered that the witnesses had not searched their personal computers for emails and documents.  Mr. Schooff and I therefore went through the process of working with each witness to identify and collect any communications and documents using the search terms in the ESI Order from their personal computers and email systems, as well as documents responsive to their respective subpoenas.  No documents were withheld other than for attorney-client privilege, relevance, or on valid privacy grounds.

21.    The witnesses included seven of the eight custodians identified under the ESI Order, Richard Gorman, Larry Greenway, Tim Duncan, Nick Mihnovets, Jay Byrd and Brittany Black, along with several other individuals identified in discovery.

22.     The only custodian not included was Rise Meguiar, who was withdrawn as a witness in discovery and at trial in light of her unavailability due to an illness of her husband. This withdrawal of Ms. Meguiar was done in discovery, and Evanston did not issue a subpoena to Ms. Meguiar, despite having issued 33 other subpoenas during the course of discovery. In light of the withdrawal of Ms. Meguiar, and her separation from the company to care for her husband, she was not contacted for documents, nor are any documents that she may have retained in the custody or control of the company. Evanston, however, never requested by meet and confer that the company contact Ms. Meguiar, presumably since she will not be a witness at trial. Evanston's focus on Ms. Meguiar in the Motion is therefore disingenuous.

23.     Thus, as of the completion of the deposition of Larry Greenway, the last deponent (other than BJR who produced documents directly), Vitamin Energy has fully complied with the ESI Order, and conducted all reasonable and necessary searches of all computer and email systems of all identified custodians except Ms. Meguiar, and produced all relevant, non-privileged, and otherwise non-objectionable documents in its possession, custody and control. In addition, by way of response to the 18 subpoenas, Vitamin Energy and its counsel have conducted the required searches of the additional computer and email systems of every single

witness identified by Vitamin Energy both in the ESI Order and in discovery, and who may be called to testify at trial.

I certify under penalty of perjury that the forgoing statements made by me are true and correct.

January 17, 2022                                    Respectfully Submitted,

                                                   _/s/ Reid Winthrop_

7